IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| SOCORRO ALBERTY, et al.<br><br>**Plaintiffs**<br><br>v.<br><br>CARLOS "JOHNNY" MÉNDEZ, et al.<br><br>**Defendants** | **CIVIL NO.** 17-2385 (RAM) |

## OPINION AND ORDER

RAÚL M. ARIAS-MARXUACH, U.S. District Judge

Pending before the Court is Defendants' *Motion for Summary Judgment and Brief in Support Thereof* ("Defendants' *Motion for Summary Judgment*"). (Docket No. 48). As Defendants only address Plaintiffs' First Amendment claim, the Court treats the motion as one for partial summary judgment. Also pending before the Court is *Plaintiffs' Motion for Partial Summary Judgment* on their First Amendment claim. (Docket No. 60). For the reasons set forth below, the Court **DENIES** Defendants' *Motion for Summary Judgment* and **DENIES** *Plaintiffs' Motion for Partial Summary Judgment*. As discussed *infra* III.B, Plaintiffs shall have until February 28, 2023 to file a memorandum showing cause as to why their political discrimination claims should not be dismissed for failure to make a showing sufficient to establish the existence of each element essential to

a *prima facie* political discrimination claim against each Defendant.

## I. PROCEDURAL BACKGROUND

Plaintiffs are 11 former termed employees of the Puerto Rico House of Representatives.[1] (Docket No. 38 ¶ 3). They identify as members of Puerto Rico's Popular Democratic Party ("PDP"). Id. ¶ 4. Defendants are former Speaker of the House Carlos "Johnny" Méndez ("Méndez"); his wife Lisandra Maldonado ("Maldonado"); former Administrator of the House Moisés Cortés-Rosado ("Cortés-Rosado"); and former Human Resources Director for the House Karen Torres de la Torre ("Torres de la Torre"). Id. ¶¶ 20, 22, 23. Defendants belong to Puerto Rico's New Progressive Party ("NPP"). Id.

Plaintiffs filed their *Complaint* on December 29, 2017. (Docket No. 1). They allege that Méndez, Cortés-Rosado, Torres de la Torre, and Elizabeth Stuart-Villanueva[2] violated the First and Fourteenth Amendments and Puerto Rico law by not renewing Plaintiffs' employment contracts due to their political

---

[1] Plaintiffs are Socorro Alberty-Marrero, Félix Arroyo-Molina, Margarita Jiménez-Bracero, Wanda Llópiz-Burgos, Bárbara Ocasio-Matos, Anitza Ortiz-Medina, Adalberto Pantojas, Noelia Ramos-Vázquez, Martha Rivera-López, María Sánchez-Soldevila, and Judith Soto-Calderón. (Docket No. 38 at 1).

[2] The Court clarifies its July 15, 2021 Docket Order to note that the *Complaint* was dismissed as to Defendant Stuart-Villanueva in her personal capacity, due to her death and the fact that no motion to substitute her in the action was filed. *See* Fed. R. Civ. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party.")

affiliations. Id. On February 16, 2018, the case was automatically stayed pursuant to the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"). (Docket No. 12). The stay was lifted on August 22, 2018 solely with respect to any motions to dismiss or motions for summary judgment. (Docket No. 22). Defendants answered the *Complaint* on October 23, 2018. (Docket No. 25). Plaintiffs filed an *Amended Complaint* on January 28, 2019 to add Maldonado, and the Conjugal Partnership Méndez-Maldonado, as Defendants. (Docket No. 38). Defendants answered the *Amended Complaint* on March 29, 2019. (Docket No. 42).

On November 15, 2019, Defendants filed their *Motion for Summary Judgment* and proposed *Statement of Uncontested Material Facts*. (Docket Nos. 48 and 49). Defendants argue that they are entitled to judgment as a matter of law on Plaintiffs' First Amendment claim. (Docket No. 48). They posit that then-Speaker of the House Roberto Rivera-Ruiz de Porras ("Rivera-Ruiz de Porras") was the nominating authority when the contract for 10 of the 11 Plaintiffs expired in December 2016, so Defendants could not have been responsible for the non-renewal of those 10 contracts. Id. at 2-3, 10-11. As for Plaintiff Wanda Llópiz-Burgos ("Llópiz-Burgos"), whose contract expired at the end of January 2017, Defendants argue that she does not provide evidence that Defendants knew of her political affiliation nor that it motivated the adverse employment action that she may have suffered. Id. at 3, 11.

Defendants do not address any of the other causes of action in Plaintiffs' *Amended Complaint*. Plaintiffs filed their opposition on December 4, 2019 and Defendants filed a reply on December 17, 2019. (Docket Nos. 51 and 57).

On December 18, 2019, Plaintiffs filed their motion for summary judgment. (Docket No. 60). They argue that the Court should grant summary judgment on their First Amendment claim because the record clearly indicates that they suffered an adverse employment action caused by Defendants' political discrimination. Id. They also discuss their Due Process claim to a limited extent, but only seek summary judgment on their First Amendment claim. Id. at 1. On January 28, 2020, Defendants filed a *Reply to Plaintiffs [sic] Motion for Partial Summary Judgment*, a *Reply to Plaintiffs [sic] Memorandum of Law*, and a *Reply to Plaintiff's [sic] Statement of Uncontested Material Facts*. (Docket Nos. 64, 65, and 66). Finally, Plaintiffs filed a reply on March 17, 2020. (Docket No. 73).

## II.  APPLICABLE LAW

### A. Summary Judgment

A motion for summary judgment is governed by Fed. R. Civ. P. 56(a). Summary judgment is proper if the movant shows that (1) there is no genuine dispute as to any material fact and (2) he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "A dispute is genuine if the evidence about the fact is such that a reasonable jury could resolve the point in favor of the non-moving

party." Thompson v. Coca-Cola Co., 522 F.3d 168, 175 (1st Cir. 2008) (citation omitted). A fact is considered material if it "may potentially 'affect the outcome of the suit under governing law.'" Albite v. Polytechnic Univ. of P.R., Inc., 5 F. Supp. 3d 191, 195 (D.P.R. 2014) (quoting Sands v. Ridefilm Corp., 212 F.3d 657, 660-661 (1st Cir. 2000)).

The moving party has "the initial burden of demonstrat[ing] the absence of a genuine issue of material fact with definite and competent evidence." Mercado-Reyes v. City of Angels, Inc., 320 F. Supp. 344, at 347 (D.P.R. 2018) (quotation omitted). The burden then shifts to the nonmovant, to present "competent evidence to rebut the motion." Bautista Cayman Asset Co. v. Terra II MC & P, Inc., 2020 WL 118592, at *6 (D.P.R. 2020) (quoting Méndez-Laboy v. Abbott Lab., 424 F.3d 35, 37 (1st Cir. 2005)). A nonmoving party must show "that a trialworthy issue persists." Paul v. Murphy, 948 F.3d 42, 49 (1st Cir. 2020) (quotation omitted).

While a court will draw all reasonable inferences in favor of the non-movant, it will disregard conclusory allegations, unsupported speculation and improbable inferences. See Johnson v. Duxbury, Mass., 931 F.3d 102, 105 (1st Cir. 2019) (citation omitted). Moreover, the existence of "*some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment[.]" Scott v. Harris, 550 U.S. 372, 380 (2007) (emphasis in original) (quotation omitted). Hence, a court

should review the record in its entirety and **refrain from making credibility determinations or weighing the evidence**. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 135 (2000) (citations omitted). If adjudicating the matter would require "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts[,]" then summary judgment is not appropriate, as these "are jury functions, not those of a judge[.]" Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

In this District, summary judgment is also governed by Local Rule 56. *See* L. CV. R. 56(c). Per this Rule, an opposing party must "admit, deny or qualify the facts supporting the motion for summary judgment by reference to each numbered paragraph of the moving party's statement of material facts." Id. Furthermore, unless the fact is admitted, the opposing party must support each denial or qualification with a record citation. Id.

Additionally, Local Rule 56(c) allows an opposing party to submit additional facts "in a separate section." Id. Given that the plain language of Local Rule 56(c) specifically requires that any additional facts be stated in a separate section, parties are prohibited from incorporating numerous additional facts within their opposition. *See* Natal Pérez v. Oriental Bank & Trust, 291 F. Supp. 3d 215, 218-219 (D.P.R. 2018) (quoting Carreras v. Sajo,

Garcia & Partners, 596 F.3d 25, 32 (1st Cir. 2010) and Malave-Torres v. Cusido, 919 F. Supp. 2d 198, 207 (D.P.R. 2013)).

If a party opposing summary judgment fails to comply with the rigors that Local Rule 56(c) imposes, "a district court is free, in the exercise of its sound discretion, to accept the moving party's facts as stated." Caban Hernandez v. Philip Morris USA, Inc., 486 F.3d 1, 7 (1st Cir. 2007) (citations omitted). Thus, litigants ignore this rule at their peril. See Natal Pérez, 291 F. Supp. 3d at 219 (citation omitted).

B. **Section 1983**

Plaintiffs bring this action under 42 U.S.C. § 1983. Section 1983 does not create substantive rights. See 42 U.S.C.A. § 1983. Instead, it "is only a procedural vehicle to vindicate constitutional and other federal statutory violations brought about by state actors." Pagan-Garcia v. Rodriguez, 2015 WL 5084640, at *5 (D.P.R. 2015). To prevail in a Section 1983 claim, a plaintiff "must allege facts sufficient to support a determination (i) that the conduct complained of has been committed under color of state law, and (ii) that [the alleged] conduct worked a denial of rights secured by the Constitution or laws of the United States." Cepero-Rivera v. Fagundo, 414 F.3d 124, 129 (1st Cir. 2005) (quotation omitted). In this context, a state employee acts "under color of state law when, while performing in his official capacity or exercising his official responsibilities, he abuses

the position given to him by the State." West v. Atkins, 487 U.S. 42, 42 (1988).

Additionally, a Section 1983 plaintiff is "required to plausibly establish the link between each particular defendant and the alleged violation of federal rights." Torres Lopez v. Garcia-Padilla, 209 F. Supp. 3d 448, 455 (D.P.R. 2016) (emphasis added) (citation omitted). This can be achieved by showing any "personal action or inaction [by the defendants] within the scope of [their] responsibilities that would make [them] personally answerable in damages under Section 1983." Id. (quotation omitted). "[W]hile plaintiffs are not held to higher pleading standards in § 1983 actions, they must plead enough for a necessary inference to be reasonably drawn." Montañez v. State Ins. Fund, 91 F. Supp. 3d 291, 297 (D.P.R. 2015) (quotation omitted).

C. **Political Discrimination under the First Amendment**

The First Amendment "protects the rights of individuals to freely associate with others 'for the common advancement of political beliefs and ideas.'" Ramirez-Nieves v. Municipality of Canovanas, 2017 WL 1034689, at *7 (D.P.R. 2017) (quoting Kusper v. Pontikes, 414 U.S. 51, 57, 58 (1973)). As a corollary to this protection, the First Amendment prohibits government officials from "taking adverse action against public employees on the basis of political affiliation, unless political loyalty is an appropriate requirement of the employment." Ocasio-Hernández v.

Fortuño-Burset, 640 F.3d 1, 13 (1st Cir. 2011) (citing Rutan v. Republican Party of Ill., 497 U.S. 62, 75-76 (1990) and Welch v. Ciampa, 542 F.3d 927, 938-39 (1st Cir. 2008)); *see also* Medina-Velázquez v. Hernández-Gregorat, 2015 WL 6829150, *3 (D.P.R. 2015) (citations omitted) ("The First Amendment protects non-policymaking public employees from adverse employment action due to political affiliation.").

A *prima facie* political discrimination claim under the First Amendment requires evincing four elements: "(1) that the plaintiff and defendant have opposing political affiliations, (2) that the defendant is aware of the plaintiff's affiliation, (3) that an adverse employment action occurred, and (4) that political affiliation was a substantial or motivating factor for the adverse employment action." Reyes-Orta v. P.R. Highway & Transp. Auth., 811 F.3d 67, 73 (1st Cir. 2016) (quoting Ocasio-Hernández, 640 F.3d at 13).

To establish that political affiliation was a substantial or motiving factor, the "plaintiff must make a fact-specific showing that a causal connection exists between the adverse treatment and the plaintiff's political affiliation." Aviles-Martinez v. Monroig, 963 F.2d 2, 5 (1st Cir. 1992) (citation omitted). In other words, "[t]he plaintiff must point 'to evidence on the record which, if credited, would permit a rational fact finder to conclude that the challenged personnel action occurred and stemmed from a

politically based discriminatory animus.'" Gonzalez-De-Blasini v. Family Dep't, 377 F.3d 81, 85 (1st Cir. 2004) (quoting LaRou v. Ridlon, 98 F.3d 659, 661 (1st Cir. 1996)). While a *prima facie* case for political discrimination may be built on circumstantial evidence, plaintiffs must point to "specific facts necessary to take the asserted claim out of the realm of speculative, general allegations." Id. at 86 (citing Kauffman v. P.R. Tel. Co., 841 F.2d 1169, 1172 n.5 (1st Cir. 1988)).

If the plaintiff makes a *prima facie* case, the burden "shifts to the defendant to articulate a non-discriminatory ground for the adverse employment action and to establish, by a preponderance of the evidence, that the same action would have been taken regardless of the plaintiff's political beliefs." Medina-Velázquez, 2015 WL 6829150, at *3 (citing Mt. Healthy City School Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977)). If the defendant makes this showing, the plaintiff may counter defendant's proffered non-discriminatory motivation by providing evidence to show that "discrimination was more likely than not a motivating factor." Id. (citing Padilla-Garcia v. Guillermo Rodriguez, 212 F.3d 69, 77 (1st Cir. 2000)).

### III. DISCUSSION

The Court next addresses each party's motion for summary judgment, starting with Defendants'.

A. **Defendants'** *Motion for Summary Judgment*

   1. **Plaintiffs Alberty-Marrero, Arroyo-Molina, Jiménez-Bracero, Ocasio-Matos, Ortiz-Medina, Pantojas, Ramos-Vázquez, Rivera-López, Sánchez-Soldevila, and Soto-Calderón**

Defendants note that outgoing Speaker Rivera-Ruiz de Porras was still the nominating authority when the employment contracts of Plaintiffs Alberty-Marrero, Arroyo-Molina, Jiménez-Bracero, Ocasio-Matos, Ortiz-Medina, Pantojas, Ramos-Vázquez, Rivera-López, Sánchez-Soldevila, and Soto-Calderón expired. (Docket No. 48 at 2-3, 10-11). Thus, Defendants maintain they did not have the power to make any employment decisions with regards to these 10 Plaintiffs, let alone discriminate against them due to their political affiliation. Id.

In response, Plaintiffs point to *Administrative Order Governing the Process of Bringing to a Close the Work of the House of Representatives of the Commonwealth of Puerto Rico in the Seventeenth Legislative Assembly* (the "Administrative Order" or "AO") and deposition excerpts that they claim prove Defendants were responsible for their contracts not being renewed. The vast majority, if not all, of the deposition testimony that Plaintiffs provide is inadmissible hearsay, which the Court may not consider. *See* (Dávila v. Corporación De P.R. Para La Difusión Pública, 498 F.3d 9, 17 (1st Cir. 2007) (citations omitted) ("It is black-letter law that hearsay evidence cannot be considered on summary

judgment."). However, the AO by itself creates a genuine issue of fact as to who was responsible for the decision not to renew those 10 Plaintiffs' contracts.

The AO regulated the transition process between the outgoing PDP administration and the incoming NPP administration between 2016 and 2017. (Docket No. 59-2 at 1). It states that "[c]ontracts and personnel appointments carried out during the election year cannot be established to go past December 31, 2016." Id. at 5. However, it then provides exceptions to this rule:

> 1. Any contract which, due to the nature of the service to be rendered, cannot be interrupted, because its interruption may adversely affect the House of Representatives.
>
> 2. Any contract which, due to its object, nature or commercial practice, is required to remain in effect for more than one (1) year.
>
> 3. In the event of an emergency or urgent situation, as defined and regulated in the Procurement Regulations of the House.
>
> 4. Any contract or appointment of personnel that, in the transition process, the Chairmen of the Incoming and Outgoing Committees, identify and deem necessary to make, execute or extend, in order to ensure that the services or processes of the House are not affected, upon authorization by the Speaker of the House.

Id. Of note, the last exception permitted the renewal of a contract with the approval of the outgoing Speaker and the Chairmen of the Outgoing **and Incoming Committees**. The AO thus casts doubt on Defendants' posture that they had no involvement in the contract

renewal process during the transition period. The Court thus finds that there is a genuine dispute as to a material fact -- who was responsible for the decision not to renew these 10 Plaintiffs' contracts.

### 2. Plaintiff Wanda Llópiz-Burgos

As for Plaintiff Llópiz-Burgos, whose contract expired at the end of January 2017, Defendants attack her *prima facie* case of political discrimination. They argue that she does not provide evidence that Defendants knew of her political affiliation nor that it motivated the adverse employment action she allegedly suffered. (Docket No. 48 at 3, 11). To survive Defendants' *Motion for Summary Judgment*, Llópiz-Burgos was "required to show the existence of a factual dispute" on the issue of whether her political affiliation "was the substantial or motivating factor underlying [her] dismissal[]." Kauffman, 841 F.2d at 1172 (citations omitted).

Llópiz-Burgos alleges specific facts to support her claim that political animus motivated her dismissal. She testified that following the election, Maintenance Office employees, including Olga Mojica, would tell her and the other PDP employees in that office that they were "going out[,]" that they had "little time here," that "[t]he lists [were] ready," and that they were "all going to be fired."(Docket No. 51-5 at 7-10). She said that she saw a list of PDP employees titled "Populetes" -- a derogatory

term for PDP affiliates -- that had been posted next to the microwave and switchboard in the Maintenance Office "for everyone to see[.]" Id. Allegedly, her name was the first one on that list, and it was her belief that all but one or two employees on it were dismissed. Id.

This evidence, though circumstantial, is specific enough to "take the asserted claim out of the realm of speculative, general allegations." Kauffman, 841 F.2d at 1172 n.5. Along with the timing of the dismissal, *see* Anthony v. Sundlun, 952 F.2d 603, 606 (1st Cir. 1991), it may be probative of political animus. Llópiz-Burgos thus met her "threshold burden of producing sufficient direct or circumstantial evidence from which a jury reasonably may infer that [her political affiliation] . . . was a 'substantial' or 'motivating' factor behind [her] dismissal." Acevedo-Diaz v. Aponte, 1 F.3d 62, 66 (1st Cir. 1993) (citations omitted).

Given that Plaintiffs proffered sufficient evidence of genuine issues of material fact, Defendants' *Motion for Summary Judgment* is **DENIED**.

### B. *Plaintiffs' Motion for Partial Summary Judgment*

The Court turns next to *Plaintiffs' Motion for Partial Summary Judgment*, which argues that the record clearly indicates that Plaintiffs suffered an adverse employment action caused by Defendants' political discrimination. (Docket No. 60). Although the Administrative Order may controvert Defendants' theory that

they were not responsible for contract renewals, it does not definitively prove that they were. Furthermore, Plaintiffs' other cited evidence does not establish a lack of genuine dispute as to all material facts and that they are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The Court therefore **DENIES** *Plaintiffs' Motion for Partial Summary Judgment*.

On top of that, the Court questions whether **every Plaintiff** has made a showing sufficient to establish the existence of **each element** essential to his case against **each Defendant**.[3] *See* Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The Court has not ruled on this question, as Defendants only attacked the merits of Llópiz-Burgos's *prima facie* case. With regard to the other 10 Plaintiffs, Defendants' motion focused exclusively on the theory that they were not yet involved in the contract renewal process and did not address the sufficiency of their *prima facie* cases.

Fed. R. Civ. P. 56(f) provides that courts may grant summary judgment for a nonmovant after giving notice and a reasonable time to respond. Fed. R. Civ. P. 56(f). Accordingly, the Court **ORDERS** Plaintiffs to show cause as to why each of their political discrimination claims should not be dismissed for failure to make

---

[3] As discussed *supra* II.C, the four elements essential to a *prima facie* political discrimination claim under the First Amendment are: "(1) that the plaintiff and defendant have opposing political affiliations, (2) that the defendant is aware of the plaintiff's affiliation, (3) that an adverse employment action occurred, and (4) that political affiliation was a substantial or motivating factor for the adverse employment action." Reyes-Orta, 811 F.3d at 73 (quoting Ocasio-Hernández, 640 F.3d at 13).

a showing sufficient to establish the existence of each element essential to a *prima facie* political discrimination claim against each Defendant.

## IV. CONCLUSION

For reasons set forth above, the Court **DENIES** Defendants' *Motion for Summary Judgment* and **DENIES** *Plaintiffs' Motion for Partial Summary Judgment*. (Docket Nos. 48 and 60). Plaintiffs shall have until February 28, 2023 to file a memorandum showing cause as to why their political discrimination claims should not be dismissed.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 6th day of February 2023.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge