IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

SOCORRO ALBERTY, et al.

**Plaintiffs**

v.

CARLOS "JOHNNY" MÉNDEZ, et al.

**Defendants**

**CIVIL NO.** 17-2385 (RAM)

MEMORANDUM AND ORDER

RAÚL M. ARIAS-MARXUACH, U.S. District Judge

Pending before the Court is plaintiffs' motion in compliance with this Court's order at Docket No. 101 ("*Motion in Compliance*"). (Docket No. 103). For the reasons set forth below, the Court **DISMISSES** plaintiffs' Fourteenth Amendment due process claim.

On February 6, 2023, this Court ordered plaintiffs to show cause as to why their due process claim should not be dismissed for failure to state a claim upon which relief can be granted since "to possess a protected property interest" under the Due Process Clause, plaintiffs "must have a valid claim to career status." (Docket No. 101 (citing Figueroa-Serrano v. Ramos-Alverio, 221 F.3d 1, 6 (1st Cir. 2000)). The Court proceeded under Fed. R. Civ. P. 12(b)(6) because plaintiffs' own *Amended Complaint* describes plaintiffs as "former term low-level employees of the House of

Representatives" whose "appointments were consistently renewed every six months." (Docket No. 38 ¶ 3). In other words, plaintiffs did not even allege that they had career status, which is a requirement for their due process claim. Thus, record evidence seemed unnecessary to dispose of that claim.

In response to the Court's show cause order, plaintiffs first point to Ríos-Campbell v. U.S. Dep't of Com. for their argument that dismissal pursuant to Fed. R. Civ. P. 12(b)(6) would be untimely given that the parties have already conducted discovery. (Docket No. 103 at 1-3 (citing 927 F.3d 21 (1st Cir. 2019)). However, the First Circuit panel in Ríos-Campbell was concerned with the fact that the District Court had converted a fully briefed motion for summary judgment with extensive record citations into a motion to dismiss. *See* Ríos-Campbell, 927 F.3d at 25 ("[v]iewed against this backdrop, the district court's attempt, without notice, to transform the defendants' fully developed motion for summary judgment, replete with exhibits gleaned partially through discovery, into a motion to dismiss for failure to state a claim strikes a dissonant chord"). The panel admonished the District Court's decision to ignore the evidence that the parties deemed relevant in assessing the claim's viability. *See* id. at 25-26.

Here, neither party has filed a motion for summary judgment with regard to the due process claim. The motions at Docket Nos. 48 and 60 only seek summary judgment with respect to the First

Amendment claim. *See* Docket No. 48 (only discussing plaintiffs'
First Amendment claims and making no mention of their due process
claims); Docket No. 60 (seeking partial summary judgment just on
plaintiffs' First Amendment claims). Therefore, unlike the
District Court in Ríos-Campbell, this Court is not ignoring
evidence that the parties deem relevant to adjudicating the due
process claim.[1]

The Court simply noticed plaintiffs' own *Amended Complaint*
failed to allege a key element of their due process claim and *sua
sponte* "afforded [plaintiffs] notice and an opportunity to amend
the complaint or otherwise respond." Garayalde-Rijos v. Mun. of
Carolina, 747 F.3d 15, 23 (1st Cir. 2014) (citation and internal
quotations omitted). *Sua sponte* dismissals are allowed under First
Circuit precedent "[o]nly where it is crystal clear that the
plaintiff cannot prevail and that amending the complaint would be
futile[.]" Id. (citation and internal quotations omitted). *See
also* Smith v. Boyd, 945 F.2d 1041, 1043 (8th Cir. 1991) (holding
that "a district court sua sponte may dismiss a complaint under
Rule 12(b)(6) as long as the dismissal does not precede service of
process" and that even "the failure to give [prior] notice is not
per se reversible error when it is patently obvious the plaintiff
could not prevail based on the facts alleged in the complaint").

---

[1] The Court notes that the Sixth Circuit has upheld a district court's dismissal
of a claim pursuant to Fed. R. Civ. P. 12(b)(6) following the close of discovery.
*See* Walker v. Jackson Pub. Schs., 42 F. App'x 735 (6th Cir. 2002).

Civil No. 17-2385 (RAM)                                                    4

     As the Court demonstrates below, there is no way for

plaintiffs to now amend their complaint in order to change the

nature of their employment and confer upon themselves a due process

right to continued employment. Nor do plaintiffs seek an

opportunity to do so in response the Court's show cause order. *See*

Docket No. 103 at 3 (submitting to the Court that the allegations

in the complaint regarding due process survive the plausibility

standard and should not be dismissed). Accordingly, the Court sees

no reason that *sua sponte* dismissal of plaintiffs' due process

claim following the close of discovery would be fundamentally

unfair in this case.

     Moving on to plaintiffs' arguments on the merits, plaintiffs

confuse the test for determining whether an employee has a property

interest protected by the Due Process Clause with the test for

determining whether an employee's political speech is protected by

the First Amendment.[2] Supreme Court and First Circuit precedent is

clear that these are two separate tests and that an employee's

political speech may be protected by the First Amendment even if

he does not possess a property interest in continued employment

protected by the Due Process Clause. *See, e.g.,* Perry v.

Sindermann, 408 U.S. 593, 598-99 (1972) ("respondent's lack of a

contractual or tenure 'right' to re-employment for the 1969—1970

---

[2] The two-part test that plaintiffs describe is only relevant to their First
Amendment claim. *See, e.g.,* Ortiz-Pinero v. Rivera-Arroyo, 84 F.3d 7, 11-18
(1st Cir. 1996).

academic year is immaterial to his free speech claim"); Nieves-Villanueva v. Soto-Rivera, 133 F.3d 92, 98 (1st Cir. 1997) ("the fact that a transitory employee does not have a reasonable expectation of renewal in his or her employment that would require due process protections does not defeat a First Amendment claim").

To determine whether someone has a protected property interest in continued employment, courts look to "local law and the terms and conditions of the employment arrangement." Galloza v. Foy, 389 F.3d 26, 33 (1st Cir. 2004) (citations omitted). "In order to maintain a constitutional due process claim arising out of the termination of his employment, a public employee must first demonstrate that he has a reasonable expectation, arising out of a statute, policy, rule, or contract, that he will continue to be employed." Wojcik v. Mass. State Lottery Comm'n, 300 F.3d 92, 101 (1st Cir. 2002) (citing Perkins v. Bd. of Dirs., 686 F.2d 49, 51 (1st Cir. 1982)). For example, courts have found a reasonable expectation of continued employment in cases involving a collective bargaining agreement that said employees could not be terminated without just cause, *see* Wojcik, 300 F.3d at 102, and a *de facto* tenure policy that alluded to "permanent tenure," *see* Perry, 408 U.S. at 600-03.

In Puerto Rico, transitory employees with termed appointments generally only have a property interest in continued employment for the duration of the appointment term. *See* Dept. of Natural

Res. v. Correa, 18 P.R. Offic. Trans. 795, 806 (1987) ("[a] person who has a transitory appointment, knowing that it expires at the end of the period for which it is given, cannot validly claim that he had a real expectancy that this type of appointment would offer him a permanent job status or the right to have the same constantly renewed").

A transitory employee may under certain circumstances have a property interest in permanent employment. *See* id.; Lupiáñez De González v. Cruz, 5 P.R. Offic. Trans. 966 (1977). For example, in Lupiáñez De González v. Cruz, the Puerto Rico Supreme Court held that the plaintiff had a due process interest in permanent employment because her position was supposed to be a permanent one, but due to budgetary constraints, she was to occupy it as a temporary position pending completion of the procedure to create the regular position. *See* Lupiáñez, 5 P.R. Offic. Trans. at 968-69. The court said that "[a]lthough it is true that the position which plaintiff held at the time when she was dismissed was in the exempt service, since the position for which she was engaged and which **was in the process of being created had a permanent character**, her rights in relation to that position have to be acknowledged." Id. at 974 (emphasis added).

To have a due process interest in permanent employment, a transitory employee must not only be promised permanent employment, that promise must be accompanied by some "action on

the part of the government agency clearly showing an agreement to make good on the promise[.]" Correa, 18 P.R. Offic. Trans. at 806. In Correa, the Puerto Rico Supreme Court found that Correa did not have a property interest in permanent employment because, unlike the plaintiff in Lupiáñez, "[t[he offer of a career position was undoubtedly just a promise where no steps or measures were taken to effectively give him a permanent status." Id. at 806. Here, not only were there no steps taken to make plaintiffs' jobs permanent, they had not even been promised that their jobs would be converted into permanent ones. Also, the mere fact that an employee has held the position for a long time does not create a property interest in permanent employment. See id. (citations and internal quotations omitted) ("the mere holding of a position for a long period of time does not create per se a property interest").

Plaintiffs have not alleged any statute, policy, rule, or contract that affords them a reasonable expectation of continued employment. The only source of an expectation that plaintiffs reference in their Amended Complaint is the nearly automatic renewal of their six-month contracts up until the time of the alleged adverse employment action. (Docket No. 38 ¶ 3). As just discussed, this is not enough to create a property interest in permanent employment. See Correa, 18 P.R. Offic. Trans. at 806.

In response to the Court's show cause order, plaintiffs assert that a number of irrelevant factors afford them a reasonable

expectation of continued employment, such as the number of years that some of them had worked in the House of Representatives and the allegedly apolitical nature of their positions.[3] None of plaintiffs' stated reasons amount to a "statute, policy, rule, or contract" that could bestow upon them a reasonable expectation of continued employment under the Due Process Clause.[4] Wojcik, 300 F.3d at 101 (1st Cir. 2002) (citation omitted). Plaintiffs did not plead anything that could lead to an inference that their jobs were being converted to permanent positions. Thus, plaintiffs have failed to allege a key element of their due process claim.

Even if the Court were to go beyond the pleadings despite plaintiffs' failure to allege a key element of their due process claim, the record would not support their claim to a protected property interest. Each plaintiff received a letter on June 29, 2016 renewing his appointment for another six-month term.[5] (Docket

---

[3] Other irrelevant factors that plaintiffs point to are the purported lack of advance notice that their contracts would not be renewed; that they are allegedly entitled to workman's compensation if injured; that they supposedly contribute to the government's retirement system; and more. (Docket No. 103 at 5-11).

[4] Some of the listed factors, such as the purportedly apolitical nature of their positions, could be relevant to plaintiffs' First Amendment claim, though.

[5] Though ordinarily a court may not consider extrinsic evidence not expressly incorporated into a complaint on a motion to dismiss, "when a complaint's factual allegations are expressly linked to—and admittedly dependent upon—a document (the authenticity of which is not challenged), then the court can review it upon a motion to dismiss." Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co., 267 F.3d 30, 34 (1st Cir. 2001) (citation and internal quotations omitted). The letters referenced here are the plaintiffs' most recent contract renewal letters. They are thus central to plaintiffs' employment law claim. Furthermore, plaintiffs do not contest the authenticity of these letters. See Docket No. 51-1 ¶¶ Ib, IIb, IIIb, IVb, Vb, VIb, VIIb, VIIIb, IXb, Xb, XIc.

No. 49-2 at 4, 24, 37, 50, 59, 75, 86, 94, 103, 111, 125). These

letters state in relevant part:

> By virtue of Section 9 of Article III of the
> Constitution of the Commonwealth of Puerto
> Rico, which provides, among other things, that
> each Chamber will select its officials and
> adopt the rules of the Legislative Bodies for
> their procedures and self-governance, it has
> been a restated and invariable rule that each
> employee hired in the House of Representatives
> will be **freely appointed and removed.** To such
> effect, when you were recruited, **you were
> aware that your appointment had a certain
> termination date.**
>
> We wish to notify you that your appointment
> has been **extended until December 31, 2016, on
> which date, if you have not received
> additional notice, you may deem your duties at
> the House of Representatives terminated,** and
> proceed with the liquidation and payment of
> any leave accrued in your favor, subject to
> compliance with the procedures of the Human
> Resource Office.
>
> Your appointment continues to be considered of
> **free appointment and removal.**

Id. (emphasis added).[6] In another due process case, the Puerto Rico

Supreme Court flagged a similar letter in support of its conclusion

that the plaintiff did not have a property interest in permanent

employment. *See* Correa, 18 P.R. Offic. Trans. at 806. Plaintiffs

here did not impugn these contract renewal letters; they merely

repeated that they nonetheless possess a protected property

---

[6] Plaintiff Wanda Llópiz-Burgos also received a short letter on December 30,
2016 stating in full, "I hereby notify you that your appointment has been
extended until January 31, 2017. Please report to your work area in your regular
schedule. Should you need additional information, please contact the Human
Resources Office." (Docket No. 49-2 at 126).

interest in continued employment, again without citing a single statute, policy, rule, or contract conferring such an interest. (Docket No. 51-1 ¶¶ Ib, IIb, IIIb, IVb, Vb, VIb, VIIb, VIIIb, IXb, Xb, XIc). Regardless, the Court need not delve into the record to dismiss plaintiffs' due process claim, as they have failed to identify in their *Amended Complaint* and their *Motion in Compliance* a single statute, policy, rule or contract conferring on them a property interest in continued employment.

Even after the Court afforded them notice and an opportunity to respond, plaintiffs have failed to allege a key element of their due process claim, let alone pointed to any potential evidence in the record that could establish that element. The Court thus **DISMISSES** their Fourteenth Amendment due process claim.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 19th day of May 2023.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge